# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 3:26-cr-17-MEO |
| ) | |
| ) | **BILL OF INDICTMENT** |
| v. ) | |
| ) | Violation: 18 U.S.C. § 2339B(a)(1) |
| ) | |
| CHRISTIAN STURDIVANT ) | |
| ) | |

## THE GRAND JURY CHARGES:

### COUNT ONE

*(Attempted Material Support to a Foreign Terrorist Organization)*

From on or about December 19, 2025 to on or about December 31, 2025, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**CHRISTIAN STURDIVANT,**

did knowingly attempt to provide material support and resources, to wit, personnel, himself, and weapons, knives and claw hammers, to a foreign terrorist organization, namely, ISIS, knowing that ISIS has engaged and engages in terrorist activity and terrorism, the defendant is a United States national, and the offense occurred in whole or in part within the United States.

All in violation of Title 18, United States Code, Section 2339B(a)(1).

### NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

    a.    All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

    b.    All assets, foreign or domestic—

(i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization;

(ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property;

(iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property; or

(iv) of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism against any international organization or against any foreign Government.

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

The Grand Jury finds probable cause that the following property, seized by law enforcement during the investigation of this matter, is subject to forfeiture on one or more of the grounds set forth above:

a. One iPhone 14 cellular telephone;

b. Two knives;

c. Two hammers; and

d. One tactical-style vest.

A TRUE BILL



FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

_____
ROBERT J. GLEASON
ASSISTANT UNITED STATES ATTORNEY